1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

8   JACOB I. SCHMITT,

9                          Plaintiff,

10          v.

11  STATE OF WASHINGTON et al.,

12                          Defendant.

13

Case No. C21-1693-LK-SKV

REPORT AND RECOMMENDATION

14                          INTRODUCTION

15          Plaintiff Jacob I. Schmitt initially filed this civil action in Snohomish County Superior

16  Court against the State of Washington, the Washington Department of Corrections (DOC),

17  Victoria Sanchez, Raimeca Martin, Arieg Awad, and additional unnamed defendants, alleging

18  they failed to provide him with adequate medical care in violation of Washington law.  *See* Dkt.

19  1-1.  Defendants removed the case to this Court on federal question jurisdiction grounds.  Dkt. 1

20  at 1.  Plaintiff then filed the present motion to remand the case to state court and for attorneys'

21  fees for Defendants' improper removal of this action.  *See* Dkt. 9.  Having thoroughly considered

22  the parties' briefing and the relevant record, the Court finds federal jurisdiction lacking, but

23

1    concludes Plaintiff is not entitled to attorneys' fees.  As such, Plaintiff's Motion to Remand and

2    for Attorney Fees, Dkt. 9, should be GRANTED IN PART and DENIED IN PART.

3    <u>BACKGROUND</u>

4         Plaintiff is currently incarcerated at the Monroe Correctional Complex in Monroe,

5    Washington.  Dkt. 1-1 at ¶ 3.  On August 4, 2021, Plaintiff filed this lawsuit in Snohomish

6    County Superior Court against Defendants, alleging Defendants failed to provide him with

7    adequate medical treatment "in violation of [DOC] policy and the United States constitution."

8    *Id.* at ¶ 1.  Plaintiff further alleged that Defendants were "deliberately indifferent" to his serious

9    medical needs and, as a result, violated his rights "under RCW 70.48.130 and 72.10.005" by

10    causing him to suffer "great pain and deprivation of his civil, statutory and constitutional rights,

11    physical injuries, anxiety, loss of good health, as well as mental and emotional distress."  *Id.*

12    Plaintiff brought a claim under RCW 70.48.130 and RCW 72.10.005 for medical malpractice

13    and/or failure to provide adequate medical care.  *Id.* at ¶¶ 88–96.  He also brought a claim for

14    negligence.  *Id.* at ¶¶ 97–102.

15         On December 21, 2021, Defendants removed Plaintiff's lawsuit to this Court, arguing

16    that because Plaintiff alleges violations of his civil rights, "presumably under 42 U.S.C. § 1983,"

17    there is federal question jurisdiction over his claims.  Dkt. 1 at 1.  Subsequently, on January 5,

18    2022, Plaintiff moved to remand the case to state court, arguing there is "no authority that allows

19    a defendant to remove a case which contains only state law claims because it believes that

20    plaintiff must want to sue under federal law because his complaint contains the words

21    constitution and civil rights."  Dkt. 9 at 2.  Plaintiff's Motion also seeks attorneys' fees for

22    Defendants' "objectively unreasonable" removal of this action.  *Id.* at 5.

23         */ / /*

DISCUSSION

A defendant may remove to federal district court any action brought in state court over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all actions presenting a "federal question"—i.e., actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether an action presents a federal question for the purpose of removal is governed by the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). To raise an issue of federal law, a federal question must appear on the face of the complaint, "unaided by the answer or by the petition for removal." *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10 (1983). Allegations of violations of federal law as part of a state law cause of action generally do not raise issues of federal law. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807–17 (1986).

A plaintiff, as master of the complaint, can preclude removal by choosing not to plead federal claims. *See Caterpillar*, 482 U.S. at 398–99. But a plaintiff cannot preclude removal by omitting important federal questions that are essential to the plaintiff's claims. *See Franchise Tax Bd.*, 463 U.S. at 22. This is known as the "artful pleading doctrine," and it applies when "a plaintiff articulates an inherently federal claim in state-law terms." *Brennan v. SW. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998); *see also ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). Courts invoke the artful pleading doctrine in (1) complete preemption cases, and (2) substantial federal question

cases. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (cleaned up). Subsumed within this second category are cases where the claim is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question. *Id.* at 1041–42 (cleaned up). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (cleaned up). Ultimately, the party seeking removal has the burden of establishing that federal jurisdiction exists, and the Court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Defendants argue that removal is proper because Plaintiff's Complaint, on its face, alleges violations of Plaintiff's civil rights by explicitly alleging "violations of rights granted by the United States Constitution, in addition to facts and legal standards that relate to those federal questions." Dkt. 10 at 3. Defendants further contend that Plaintiff's Complaint runs afoul of the artful pleading doctrine by attempting to "avoid federal questions inherent in his allegations by articulating them as state law claims," as opposed to as claims under § 1983. *Id.* Per Defendants, because Plaintiff is "functionally seeking to allege civil rights violations," he should "not be permitted to avoid federal jurisdiction over those allegations by artfully pleading" them in state law terms. *Id.* at 4–5.

The Court is not persuaded by Defendants' position. While it is true that the Complaint references the U.S. Constitution, Plaintiff's civil rights, and facts and legal standards that could support a claim by Plaintiff for violations of his civil rights, this is insufficient to find that the Complaint presents a federal question "on its face." The actual causes of action stated in Plaintiff's Complaint—medical malpractice/inadequate medical care and negligence—all sound in state law, and it is the "nature of the cause of action that is controlling" for purposes of the

1   well-pleaded complaint rule.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 n.3 (9th Cir. 1996);

2   *Lippitt*, 340 F.3d at 1040.  Mere reference to violations of federal law as part of a state law claim

3   do not transform the claim into a federal one.  *See Merrell Dow Pharms. Inc.* 478 U.S. at 807–

4   17; *Lippitt*, 340 F.3d at 1040 (cleaned up) ("It is a long-settled understanding that the mere

5   presence of a federal issue in a state cause of action does not automatically confer federal-

6   question jurisdiction.").

7            Nor does the artful pleading doctrine assist Defendants here.  Defendants do not (and

8   cannot) contend that Plaintiff's claims are completely preempted by federal law.  Further, none

9   of Plaintiff's claims are necessarily federal in character because Plaintiff does not seek to enforce

10  only federally guaranteed rights with his lawsuit; instead, he seeks to enforce state law.  *See*

11  *Lippitt*, 340 F.3d at 1037; *Jain v. Infospace, Inc.*, C03-2897-MJP, 2004 WL 212999, at *2–3

12  (W.D. Wash. Jan. 9, 2004).

13           Finally, Plaintiff's claims do not necessarily turn on the construction of substantial,

14  disputed federal questions.  "[W]here, as here, state law creates the cause of action, and no

15  federal law completely preempts it, federal jurisdiction may still lie if 'it appears that some

16  substantial, disputed question of federal law is a necessary element of one of the well-pleaded

17  state claims[.]'"  *Rains*, 80 F.3d at 345 (quoting *Franchise Tax Bd.*, 463 U.S. at 13).  Plaintiff, in

18  bringing a claim for medical malpractice and/or failure to provide adequate medical care,

19  invokes RCW 72.10.005, which requires that "inmates in the custody of the [DOC] receive such

20  basic medical services as may be mandated by the federal Constitution and the Constitution of

21  the state of Washington."  Plaintiff does not explicitly indicate which constitution—state or

22  federal—he believes Defendants violated, but the text of RCW 72.10.005 confirms that both

23  afford prisoners access to the basic medical care Plaintiff alleges he did not receive.  Given this,

1    Plaintiff's potential reliance on his federal constitutional rights to establish a violation of this

2    statutory provision does not give rise to federal jurisdiction because Plaintiff arguably also relies

3    on his state constitutional rights for the same purpose.[1]  *See Rains*, 80 F.3d at 345 (noting that

4    federal law is not a "necessary element" of a state law claim when state law independently

5    espouses the same federal policy relied on by the plaintiff).  *See also Lippett*, 340 F.3d at 1043

6    (providing the same).

7          Moreover, Plaintiff has invoked numerous other alternative theories for establishing his

8    medical malpractice/inadequate medical care claim, including Defendants' alleged violations of

9    RCW 70.48.130, WAC 137-91-010, and RCW 72.10.020.[2]  Dkt. 1-1 at ¶¶ 89, 91–92.  "When a

10   claim can be supported by alternative and independent theories—one of which is a state law

11   theory and one of which is a federal law theory—federal question jurisdiction does not attach

12   because federal law is not a necessary element of the claim."  *Rains*, 80 F.3d at 346.  Thus,

13   because Plaintiff need not prove that Defendants violated the U.S. Constitution to establish his

14   state law medical malpractice/inadequate medical care claim, the claim does not turn on the

15   construction of a substantial, disputed federal question, and does not confer federal jurisdiction

16   over this lawsuit.  *See, e.g.*, *Blake v. Santa Clara Dept of Corr.*, C15-3352-HSG, 2015 WL

17   8158138, at *3–4 (N.D. Cal. Dec. 8, 2015) (holding that a prisoner's state law medical

18   negligence claim does not turn on whether the prisoner's constitutional rights were violated and

19   therefore does not confer federal jurisdiction).  The same holds true for Plaintiff's general

20

21          [1] The Court does not conclude that RCW 72.10.005 gives Plaintiff a private right of action or that
     Plaintiff may establish his medical malpractice/inadequate medical care claim by alleging violations of its
22   terms.  The Court simply determines that by alleging such violations, Plaintiff has not raised an issue that
     necessarily turns on the construction of a substantial, disputed federal question.

23          [2] As with RCW 72.10.005, the Court does not conclude that Plaintiff has succeeded in
     establishing his medical malpractice/inadequate medical care claim by alleging violations of these
     provisions.  It concludes only that these provisions serve as potential alternative bases for his claim.

REPORT AND RECOMMENDATION - 6

negligence claim, which indisputably sounds in state law. *See id.* This matter should be remanded to Snohomish County Superior Court.

Plaintiff's request for attorneys' fees, however, should be denied. When remanding a case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In exercising their discretion to award fees under this section, courts should consider "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *See id.* In light of these considerations, the Court cannot conclude that Defendants' removal was objectively unreasonable. Their removal was based on the belief that by referencing Defendants' alleged violations of the U.S. Constitution, Plaintiff's Complaint raised a federal question. While the Court does not reach the same conclusion, Plaintiff's Complaint does reference Plaintiff's rights under the U.S. Constitution, and there is no indication Defendants sought to remove this action for nefarious purposes. Plaintiff should therefore be denied his fees and costs.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand and for Attorney Fees, Dkt. 9, should be GRANTED IN PART and DENIED IN PART. A proposed Order accompanies this Report and Recommendation.

/ / /

/ / /

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 25, 2022**.

Dated this 8th day of February, 2022.

S. KATE VAUGHAN
United States Magistrate Judge